UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAEL B. WEBB, | ) |
| Plaintiff, | ) Civil No. 3:22-cv-00011-GFVT |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| KENTUCKY JUSTICE AND PUBLIC SAFETY CABINET, DEPARTMENT OF POLICE, *et al.*, | ) **&** |
| | ) **ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Michael Webb's Motion to Amend his Complaint. [R. 18.] Mr. Webb seeks leave to amend because he inadvertently did not amend his complaint during the period in which he was permitted to do so by right. In response, the Defendants urge the Court to deny his motion because they suggest that the amended complaint would not survive a motion to dismiss. The Court will **GRANT** Mr. Webb's Motion **[R. 18]** and allow him to amend to permit further briefing as to whether the amended complaint should be dismissed.

**I**

Captain Michael Webb, a Kentucky State Trooper, brought this suit against several Kentucky state officials in their personal capacities pursuant to 42 U.S.C. § 1983. [R. 1.] Mr. Webb served as the Commander of the Recruitment Branch for the Department of State Police. *Id.* at 3. He believes that the Defendants demoted him because of his presence in Washington, D.C., on January 6, 2021. *Id.* at 9.

According to Mr. Webb, he and his family went to the D.C. area for a sightseeing tour. *Id.* at 6. While there, his wife made a last-minute decision to attend the rally held outside the capitol. *Id.* at 7. Mr. Webb claims that neither he nor his family participated in the unrest that followed the rally. *Id.* at 7–8.

Once back in Kentucky, Mr. Webb found himself the subject of an administrative inquiry and reassigned to a different department. *Id.* at 8. Eventually, his presence in D.C. made the news, and the Kentucky State Police issued a statement that Mr. Webb was in D.C. but did not enter the capitol. *Id.* at 10. As a result of his reassignment and allegedly false association with the capitol riots, Mr. Webb claims to suffer from post-traumatic stress, depression, and anxiety. *Id.* at 11. So, Mr. Webb sued several of the state officials above him for deprivation of his rights protected by the United States and Kentucky constitutions under color of state authority. *Id.* at 12–13.

Beginning on June 8, 2022, the Defendants filed several motions to dismiss the complaint. [*E.g.*, R. 5.] Among other grounds, some defendants claimed protection under qualified immunity because the complaint did not specify which of Mr. Webb's constitutional rights were violated. [R. 8-1 at 11.] In response, Mr. Webb stated that he intended to amend his complaint to specify three constitutional rights. [R. 13 at 20.]

On November 11, 2022, Mr. Webb filed the instant motion for leave to amend. [R. 18.] As the matter is fully briefed, the issue is ripe for review. [R. 19; R. 20; R. 21.]

II

The Federal Rules of Civil Procedure allow plaintiffs to amend their complaints either by right or with leave of the Court. Fed. R. Civ. P. 15(a). There are two scenarios where a plaintiff can amend by right. *Id.* First, the plaintiff can amend his complaint within twenty-one days of

2

serving it. *Id.* § 15(a)(1)(A). Second, he can amend by right before the earlier of twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f). *Id.* § 15(a)(1)(B). Otherwise, the plaintiff must obtain consent from his opposing party or from the Court to amend a pleading. *Id.* § 15(a)(2). The Rules direct federal courts to "freely give leave when justice so requires." *Id.*

The parties disagree as to whether Mr. Webb is entitled to amend his complaint by right. The Defendants assert that Mr. Webb needs the Court's leave to amend his complaint and that the Court should analyze the amendment for futility. [R. 19 at 1 (citing *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005)).] Under that standard, the Court "need not grant leave to amend . . . where amendment would be 'futile.'" *Calhoun Cty.*, 408 F.3d at 817 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because they argue that the amended complaint would not survive a motion to dismiss, the Defendants ask the Court to deny Mr. Webb's request to amend his complaint and to grant their pending motions to dismiss. [R. 19 at 4.]

On the other hand, Mr. Webb contends that he has an absolute right to amend his complaint because the Defendants have not filed an answer and because the Court has not ruled on the motions to dismiss. [R. 21 at 1.] Mr. Webb is incorrect because he relies on cases interpreting an outdated version of the Rules of Civil Procedure. Nevertheless, justice requires that he be given leave to amend his complaint.

### A

Mr. Webb's contention that he has an absolute right to amend his complaint so long as the Defendants have not served an answer and the Court has not decided the pending motions to dismiss is incorrect. [R. 21 at 1.] Mr. Webb relies on a rule from the District of Columbia Circuit Court of Appeals that "Rule 15(a) 'guarantees a plaintiff an absolute right' to amend the

3

complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss." *Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 309 (D.D.C. 2003) (quoting *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000)). Under a previous version of the Rules, Rule 15(a) stated "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." *Hurson Assocs.*, 229 F.3d at 283 (citing Fed. R. Civ. P. 15(a)). Where the plaintiff asked to amend a complaint, courts interpreted the term "responsive pleading" to refer to the answer. 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1483 (3d ed. 2022). The filing of a motion to dismiss did not prevent a plaintiff from amending the complaint without the leave of the court. *Id.*

Now, Rule 15(a) states that "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a). The Rule was revised in 2009 to clarify the deadline by which a pleading could be amended by right. Wright & Miller, *supra*, § 1483. The Committee intended the change to encourage "the pleader to consider carefully and promptly the wisdom of amending to meet the arguments" in a motion to dismiss. *Id.* (quoting Committee Note to the 2009 amendment to Rule 15). Accordingly, a plaintiff's period in which he may amend a complaint by right can now terminate twenty-one days after the filing of a motion to dismiss. *Id.*

Here, Mr. Webb filed his motion to amend the complaint one-hundred-fifty-six days after the filing of the first motion to dismiss. [R. 5; R. 18.] Mr. Webb explains that "his counsel prepared [the] amendment to the Complaint, believing it to have been filed by [his] counsel's staff simultaneous[ly] with the Response to the various motions to dismiss." [R. 18 at 1.] So, the issue is not whether Mr. Webb could amend his complaint by right. He could not. Instead,

4

the Court must decide whether justice requires it to permit Mr. Webb to amend because his counsel inadvertently missed the deadline to file by right.

**B**

The decision as to whether justice requires permission to amend a complaint "is left to the sound discretion of the district court . . . ." *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). However, district courts must heed Rule 15(a)'s direction that leave is to be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility, leave to amend should be granted. *Id.*

Here, Mr. Webb claims that his counsel intended to file the amendment along with his response to the motions to dismiss. [R. 18 at 1.] Because the local rules require responses to civil motions to be filed within twenty-one days, this plan would have assured that counsel filed the amendment during the by right period. *See* L.R. 7.1(c); Fed. R. Civ. P. 15(a)(1)(B). Mr. Webb's response to the motions to dismiss confirms his counsel's intention. [*See* R. 13 at 20–21 ("Capt. Webb intends to file simultaneously herein a motion for leave to file an amended complaint so that the record more clearly reflects the particular constitutional rights that Capt. Webb asserts were violated.")] Accordingly, the Court has little reason to doubt that the delay in filing the amended complaint was due to inadvertence rather than dilatory motive or bad faith. Indeed, delay alone is not a reason to deny a motion to amend. *Estes*, 636 F.2d at 1134.

Rather, leave is appropriate where no prejudice will result to the other party. *Id.* at 1133–34. The Defendants do not allege that they will be prejudiced if the Court allows Mr. Webb to amend his complaint. [*See* R. 19.] The only apparent prejudice that could result would be the additional cost of adapting the existing motions to dismiss to the amended complaint. *See Estes*,

5

636 F.2d at 1134–35 (discussing potential prejudice where extensive trial preparation had taken place). As the Defendants admit, the amended complaint will specify the constitutional rights that Mr. Webb argues they violated, and the Defendants already countered these arguments in their briefing. [R. 19 at 2.] Therefore, the expense will be minimal.

Nevertheless, the Defendants argue that the Court should exercise its discretion to deny the amendment because the amended complaint would not survive a motion to dismiss. *Id.* This may be true. Or not. At this point, the Court has before it an argument that the amended complaint should be dismissed in the Defendants' briefing on the motion to amend. *Id.* Mr. Webb's reply focused on his erroneous contention that he could amend the complaint by right. [R. 20.]

If the Court allows Mr. Webb to amend his complain, the Defendants will likely renew their motions to dismiss. Mr. Webb can then advocate that the amended complaint should survive a motion to dismiss. Given Rule 15's preference that leave to amend be freely given and the minimal prejudice to the Defendants, the Court finds that judicial economy will be better served by granting leave to amend and then allowing the parties to present their arguments regarding dismissal of the amended complaint.

### III

The Court will allow Mr. Webb to amend his complaint. Generally, the filing of an amended complaint moots pending motions to dismiss. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). So, the Court will also deny the pending motions to dismiss as moot. Doing so will allow the Defendants the option to refile and Mr. Webb the opportunity to directly respond to their arguments.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Michael Webb's Motion to Amend the Complaint **[R. 18]** is **GRANTED**;

2. The Clerk is **DIRECTED** to file the attachment thereto **[R. 18-2]** as an amended complaint in this matter;

3. The Motion to Dismiss filed by the KSP Defendants **[R. 5]** is **DENIED** without prejudice as moot;

4. The Motion to Dismiss filed by Defendants Crystal Staley and La Tasha Buckner **[R. 8]** is **DENIED** without prejudice as moot;

5. The Motion to Dismiss filed by Defendant Mary C. Nobel **[R. 9]** is **DENIED** without prejudice as moot; and

6. The Motion to Join **[R. 16]** the argument presented in two of the motions to dismiss by the KSP Defendants is **DENIED** without prejudice as moot.

This the 7th day of March 2023.

Gregory F. Van Tatenhove
United States District Judge